# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

DARRICK L. BENNETT,

        Petitioner,

    v.                              Case No. 20-CV-223

BRIAN FOSTER,

        Respondent.

## DECISION AND ORDER ON RESPONDENT'S MOTION TO DISMISS PETITION FOR HABEAS CORPUS

Darrick L. Bennett, who is currently incarcerated at the Waupun Correctional Institution, seeks a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket # 1.) Bennett challenges his judgment of conviction in Milwaukee County Case No. 2011CF4466 for first-degree reckless homicide. (*Id.* at 2.) Bennett alleges that his conviction and sentence are unconstitutional. The respondent has moved to dismiss the petition on the grounds that Bennett procedurally defaulted his federal claims. (Docket # 17.) For the reasons further discussed below, the respondent's motion to dismiss is granted and Bennett's habeas petition is dismissed.

## PROCEDURAL BACKGROUND

On February 24, 2020, I issued a Rule 4 Order in this case finding that Bennett's petition alleged that his guilty plea was not voluntarily or intelligently given, that he was denied effective assistance of counsel, and that he was sentenced on inaccurate information. (Docket # 1 at 3–4.) I also found that it appeared that Bennett had exhausted all available state court remedies. (*Id.* at 5.) Bennett subsequently filed a motion asking that the

proceedings be stayed and held in abeyance while he pursues a motion for post-conviction relief under Wis. Stat. § 974.06. (Docket # 7.) The respondent objected to the stay. (Docket # 10.) Because Bennett's habeas petition was not a mixed petition (i.e., it only contained exhausted claims), I denied the motion, but allowed him leave to file an amended petition containing both his exhausted and unexhausted claims and a new motion to stay and hold the petition in abeyance. (Docket # 15.) Bennett was informed that if he did not file an amended petition by May 4, 2020, the case would proceed with the exhausted claims Bennett initially raised in his petition. (*Id.*) Bennett did not file an amended habeas petition by the stated deadline, and I issued a new scheduling order to address Bennett's exhausted claims. (Docket # 16.)

The respondent subsequently filed a motion to dismiss Bennett's habeas petition on the grounds that Bennett procedural defaulted his federal claims by failing to file a proper petition for review in the Wisconsin Supreme Court. (Docket # 17.) Bennett objected to the motion to dismiss (Docket # 19), but also now files a proposed amended habeas petition (Docket # 22) and a motion to stay and hold the petition in abeyance (Docket # 21).

## ANALYSIS

*1.     Renewed Motion to Stay and Hold in Abeyance*

As stated above, Bennett has now submitted a proposed amended habeas petition containing unexhausted claims and moves to stay the habeas petition and hold it in abeyance while he exhausts these claims in state court. (Docket # 21.) Bennett's motion and amended petition, filed on September 29, 2020, comes nearly five months after his May 4, 2020 deadline to do so. (Docket # 15.) Bennett's explanation for his failure to timely file an amended petition and motion to stay is "due to his ignorance to the law" and because of lockdowns stemming

from the ongoing COVID-19 pandemic. (Docket # 21 at 2–3.) Bennett managed, however, during this time period, to file a response to the motion to dismiss (Docket # 19), as well as obtain an affidavit from his former appellate counsel in support of his response brief (Docket # 19-1). Bennett was explicitly warned that the failure to timely file an amended petition would result in the court proceeding on his exhausted issues initially raised. At no point did Bennett request additional time to file an amended petition, including when responding to the respondent's motion to dismiss. For these reasons, Bennett's request to file an amended habeas petition and stay and hold it in abeyance is denied.

2.      *Procedural Default of Exhausted Claims*

A federal court may not entertain a petition from a prisoner being held in state custody unless the petitioner has exhausted his state remedies. 28 U.S.C. § 2254(b)(1)(A). A claim is not considered exhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). With some exceptions, a petition for writ of habeas corpus should be dismissed if state remedies have not been exhausted as to any one of the petitioner's federal claims. *See Rhines v. Weber*, 544 U.S. 269, 277–78 (2005); *Cruz v. Warden of Dwight Corr. Ctr.*, 907 F.2d 665, 667 (7th Cir. 1990). For a constitutional claim to be fairly presented to a state court, both the operative facts and the controlling legal principles must be submitted to that court. *Verdin v. O'Leary*, 972 F.2d 1467, 1474 (7th Cir. 1992). Also, the petitioner must invoke one complete round of the normal appellate process, including seeking discretionary review before the state supreme court. *McAtee v. Cowan*, 250 F.3d 506, 508–09 (7th Cir. 2001).

If state court remedies are no longer available because the prisoner failed to comply with the deadline for seeking state court review or for taking an appeal, those remedies are

technically exhausted; however, exhaustion in this sense does not automatically entitle the habeas petitioner to litigate his or her claims in federal court. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim. *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004).

A claim can also be procedurally defaulted when a state court does not reach a federal issue because of a state procedural bar. *Jenkins v. Nelson*, 157 F.3d 485, 491 (7th Cir. 1998). In order to conclude that a petitioner has procedurally defaulted a claim due to an adequate and independent state ground, this Court "must be convinced that the last state court to consider the question actually relied" on a procedural ground "as the basis for its decision." *Braun v. Powell*, 227 F.3d 908, 912 (7th Cir. 2000) (internal citations omitted). The state court's reliance on a procedural rule therefore must be explicit. *See id*. Furthermore, to be an adequate ground of decision, the state's procedural rule must be "firmly established and regularly followed," applied in a "consistent and principled way," and the petitioner must be deemed to have been fairly apprised of its existence at the time he acted. *Id.* (internal quotations and citations omitted). A procedural default will bar federal habeas relief unless the petitioner can demonstrate both cause for and prejudice stemming from that default or he can establish that the denial of relief will result in a miscarriage of justice. *Lewis*, 390 F.3d at 1026 (citing *Wainwright v. Sykes*, 433 U.S. 72, 86–87 (1977)).

In this case, Bennett raised the three claims he now brings in his federal habeas petition before the Wisconsin Court of Appeals. (Resp. Br. at 3–4, Docket # 18 and Ex. 2, Docket # 18-2.) After the court of appeals rejected his claims and affirmed his conviction, Bennett sent a letter to the Wisconsin Supreme Court, which the court construed as a non-complying

petition for review. (Ex. 3 to Motion to Dismiss, Docket # 18-3.) While the Wisconsin Supreme Court accepted the letter as a timely petition for review, the court ordered Bennett to file a statement in support of the petition, complying with the statutory requirements set forth in Wis. Stat. §§ 809.62(2) and (4). (*Id.*) The court warned Bennett that failure to timely file the statement would result in dismissal of his petition for review. (*Id.*) Bennett failed to file a conforming statement in support of his petition; thus, the supreme court summarily dismissed his petition for review. (Ex. 4 to Motion to Dismiss, Docket # 18-4.)

The respondent argues that the supreme court's summary dismissal of Bennett's petition for review constitutes an adequate and independent state ground for denying federal review; thus, Bennett has procedurally defaulted his federal claims. (Docket # 18 at 4.) I agree. When a state court refuses to reach the merits of a petitioner's federal claims because they were not raised in accord with the state's procedural rules, that decision rests on independent and adequate state procedural grounds. *See Kaczmarek v. Rednour*, 627 F.3d 586, 591 (7th Cir. 2010). The Wisconsin Supreme Court explicitly stated that it was dismissing Bennett's petition for review for his failure to comply with the statutory requirements, as such, the court "actually relied" on the procedural ground as the basis for its decision.

Further, summary dismissal of a petition for review for failure to file a conforming statement in support of the petition has been found to be an adequate state law ground for procedural default. *See Jones v. Pollard*, No. 04-C-1081, 2006 WL 354221, at *4 (E.D. Wis. Feb. 15, 2006) ("Thus, the procedural default in this case—the failure of the petitioner to file a statement in support of his petition—constitutes an adequate state law ground."). And Bennett was explicitly warned that his petition would be dismissed if he did not file his

5

statement within the designated time. For these reasons, Bennett procedurally defaulted his federal claims.

Bennett's procedurally defaulted claims may be reviewed, however, "if the petitioner can show cause and prejudice for [his] failure to exhaust [his] claims, or if a failure to review them on these procedural grounds would result in a fundamental miscarriage of justice." *Howard v. O'Sullivan*, 185 F.3d 721, 726 (7th Cir. 1999). Bennett argues that his counsel on direct appeal abandoned his case after his brief was submitted to the court of appeals. (Petitioner's Resp. Br. at 2, Docket # 19.) Bennett argues that counsel's ineffective assistance excuses his procedural default. (*Id.* at 4.) While "[a]ttorney error that constitutes ineffective assistance of counsel" can provide cause for a procedural default, *Coleman v. Thompson*, 501 U.S. 722, 753–54 (1991), criminal defendants do not have a constitutional right to counsel to pursue discretionary state appeals, *Wainwright v. Torna*, 455 U.S. 586, 587 (1982). "The right to appointed counsel extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Thus, in proceedings in which a petitioner does not have a constitutional right to counsel, "a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." *Anderson v. Cowan*, 227 F.3d 893, 901 (7th Cir. 2000) (internal quotation and citation omitted). Because Bennett had no constitutional right to counsel for his discretionary petition to the Wisconsin Supreme Court, he could not have received ineffective assistance of counsel for failing to file a conforming statement in support of the petition. *See id.* Thus, Bennett's alleged ineffective assistance of counsel does not constitute cause for his procedural default. For these reasons, the respondent's motion to dismiss Bennett's habeas petition is granted. Bennett's habeas petition is dismissed.

## CERTIFICATE OF APPEALABILITY

According to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, the petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, and n.4).

When, as here, the case is resolved on procedural grounds, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Section 2253 mandates that both showings be made before a certificate of appealability is granted. *Id.* at 485. Each component of the § 2253(c) showing is part of a threshold inquiry; thus, the court need only address one component if that particular showing will resolve the issue. *Id.*

Jurists of reason would not find it debatable that Bennett is not entitled to habeas relief. Thus, I will deny Bennett a certificate of appealability. Of course, Bennett retains the right to seek a certificate of appealability from the Court of Appeals pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the respondent's motion to dismiss (Docket # 17) is **GRANTED** and the petitioner's petition for a writ of habeas corpus (Docket # 1) is **DENIED**.

**IT IS FURTHER ORDERED** that the petitioner's motion to stay (Docket # 21) is **DENIED**.

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED**.

**IT IS ALSO ORDERED** that a certificate of appealability shall not issue.

**FINALLY, IT IS ORDERED** that the Clerk of Court enter judgment accordingly**.**

Dated at Milwaukee, Wisconsin this 15th day of December, 2020.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge